# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 21-0815V

| | |
|---|---|
| FATIMA COLLINS,<br><br>　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　　Respondent. | Chief Special Master Corcoran<br><br>Filed: January 3, 2025 |

*John Robert Howie, Howie Law, PC, Dallas, TX,* for Petitioner.

*Sara DeStefano, U.S. Department of Justice, Washington, DC,* for Respondent.

### RULING ON ENTITLEMENT[1]

On January 28, 2021, Fatima Collins filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA"), as defined in the Vaccine Injury Table, as the result of tetanus, diphtheria, and acellular pertussis ("Tdap") and Shingrix vaccinations received on December 2, 2020. Petition at 1. On October 19, 2023, Petitioner filed her first amended petition in which she alleged that she received a Prevnar-13 (pneumococcal conjugate) vaccination at the same time as the Tdap and Shingrix vaccinations on December 2,

---

[1] Because this Ruling contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

2020. Second Amended Petition at 1.[3] Petitioner further alleges that she suffered the residual effects of her condition for more than six months. Second Amended Petition at 19. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On December 31, 2024, Respondent filed his Rule 4(c) report in which he concedes that Petitioner is entitled to compensation in this case. Respondent's Rule 4(c) Report at 1. Specifically, Respondent states that "petitioner's alleged injury is consistent with SIRVA as defined by the Vaccine Injury Table. Specifically, petitioner had no history of pain, inflammation, or dysfunction of her left shoulder prior to vaccination; pain occurred within forty-eight hours after receipt of an intramuscular vaccination; pain and reduced range of motion was limited to the shoulder in which the vaccine was administered; and no other condition or abnormality has been identified to explain petitioner's shoulder pain." *Id.* at 7. Respondent further agrees that Petitioner suffered the residual effects of her condition for more than six months and that based on the record as it now stands, Petitioner has satisfied all legal prerequisites for compensation under the Act. *Id.*

**In view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation.**

IT IS SO ORDERED.

s/Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[3] Petitioner filed a second amended petition on June 19, 2024, maintaining that she suffered a Table Injury of SIRVA following her Tdap and pneumococcal vaccines and expanding on the factual allegations in her first Amended Petition.